UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **K&F REALTY, LLC** | * | **CIVIL ACTION** |
| **VERSUS** | * | **NUMBER: 06-8662** |
| **COLONY INSURANCE COMPANY** | * | **SECTION "L"(1)** |

## ORDER & REASONS

Before the Court is the Plaintiff's Motion to Remand (Rec. Doc. 4). For the following reasons, the Plaintiff's motion is DENIED.

### I.   BACKGROUND

This case arises from a dispute regarding insurance coverage for the Plaintiff's gas station and convenience store known as "Magnolia Spur," located at 1540 Gause Boulevard in Slidell, Louisiana, which suffered damage as a result of Hurricane Katrina. Specifically, the Plaintiff alleges that the roof, canopy, and gas pumps suffered damage in the storm. The Defendant in this case is Colony Insurance Company ("Colony"), the Plaintiff's commercial insurer. The policy at issue has the following limits: $250,000 for building, $40,000 for gas pumps, and $120,000 for the canopy.

In August of 2006, the Plaintiff filed the present action in the Civil District Court for the Parish of Orleans, State of Louisiana. The Plaintiff alleges that it is entitled to payment from Colony for damages and losses to the property, in addition to bad-faith penalties under Louisiana law. Attached to the state-court petition is a "Sworn Statement in Proof of Loss," which states that the Plaintiff's loss is approximately $32,000. The Plaintiff also submitted a post-removal affidavit attached to its motion to remand, in which it stipulates that "its demand against Colony

1

Insurance Company will not exceed $75,000."

Colony removed this case to federal court on October 19, 2006, contending that this Court has jurisdiction under either of the following provisions: (1) diversity jurisdiction under 28 U.S.C. § 1332, because the parties are diverse and the amount-in-controversy exceeds $75,000; or (2) the MultiParty, MultiForum Trial Jurisdiction Act pursuant to 28 U.S.C. § 1369. On November 20, 2006, the Plaintiff filed the instant motion to remand.

## II.  LAW & ANALYSIS

The removing defendant bears the burden of demonstrating that federal jurisdiction exists and therefore that removal was proper. *See Jernigan v. Ashland Oil, Inc.*, 989 F.2d 812, 815 (5th Cir. 1993). As a general matter, the removal statute is to be construed narrowly and in favor of remand to state court. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100 (1941). Indeed, "doubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction." *Acuna v. Brown & Root Inc.*, 200 F.3d 335, 339 (5th Cir. 2000). Accordingly, all disputed questions of fact must be resolved in favor of the non-moving party. *See Burden v. Gen. Dynamics Corp.*, 60 F.3d 213, 216 (5th Cir. 1995).

### A.  Diversity Jurisdiction

Colony contends that the Court has diversity jurisdiction over this case because complete diversity exists between the parties and the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332. The Plaintiff does not dispute that diversity of citizenship exists, however, it argues that the amount-in-controversy requirement is not satisfied in this case.

The uncertainty regarding the amount in controversy arises in this case because "Louisiana prohibits plaintiffs from claiming a specific dollar amount of damages." *Felton v.*

*Greyhound Lines, Inc.*, 324 F.3d 771, 773 (5th Cir. 2003).  In this Circuit, "[w]hen the plaintiff's complaint does not allege a specific amount of damages, the defendant must prove by a preponderance of the evidence that the amount in controversy" is sufficient to meet the statutory requirements.  *De Aguilar v. Boeing Co.*, 11 F.3d 55, 58 (5th Cir. 1993).  The defendant satisfies its burden by either (1) "demonstrating that it is 'facially apparent' that the claims are likely above $75,000," or (2) "setting forth facts in controversy–preferably in the removal petition, but sometimes by affidavit–that support the finding of the requisite amount."  *Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848, 850 (5th Cir. 1999) (citation omitted).

"Because Louisiana plaintiffs are not limited to recovery of the damages requested in their pleadings, a plaintiff must affirmatively renounce the right to accept a judgment in excess of $75,000 for his pre-removal state court pleadings and stipulations to bind him."  *Davis v. State Farm Fire & Cas.*, Nos. 06-560, et al., 2006 WL 1581272, at *2 (E.D. La. June 7, 2006).  In this case, the Plaintiff has not made such a binding stipulation in its petition and the Court finds that Colony has demonstrated that the amount-in-controversy exceeds $75,000.  The Plaintiff's post-removal attempt to reduce the initial amount in controversy is ineffective.  Accordingly, the Court finds that diversity jurisdiction exists in this case.[1]

---

[1] While the Court need not consider whether federal jurisdiction exists under the Multiparty, Multiforum Trial Jurisdiction Act, 28 U.S.C. § 1369, the Court notes that, in this case, it does not.  *See, e.g., Case v. ANPAC La. Ins. Co.*, ___ F. Supp. 2d ___, 2006 WL 3615064, at *6-15 (E.D. La. Dec. 11, 2006); *Southall v. St. Paul Travelers Ins. Co.*, No. 06-3848, 2006 WL 2385365, at *5-6 (E.D. La. Aug. 16, 2006); *Flint v. La. Farm Bureau Mut. Ins. Co.*, No. 06-2546, 2006 WL 2375593, at *2-4 (E.D. La. Aug. 15, 2006).

## III.     CONCLUSION

For the foregoing reasons, IT IS ORDERED that the Plaintiff's Motion to Remand is DENIED.

New Orleans, Louisiana, this  12th  day of   February  , 2007.

_____

UNITED STATES DISTRICT JUDGE